

```
                                  FILED
                            IN CLERK'S OFFICE
                         US DISTRICT COURT E.D.N.Y.
UNITED STATES DISTRICT COURT    ★  NOV 06 2019  ★
EASTERN DISTRICT OF NEW YORK
                                BROOKLYN OFFICE
```

------------------------------------------------------x
EDNA IGARTUA,

                Plaintiff,

     -against-

THE POLICE DEPARTMENT; DETECTIVE
JOHNSON,

                Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**

19-cv-5831 (ENV)

VITALIANO, D.J.

    Plaintiff Edna Igartua, proceeding *pro se*, filed this action on October 9, 2019. She has also requested reassignment of this case to a different judge. Her request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a), is granted solely for purposes of this order. For the reasons discussed below, her request for reassignment is denied, and the action is dismissed.

## Background

    Igartua's complaint, like others she previously filed in this court,[1] relates to plaintiff's assertion that the police have failed to protect her. Plaintiff seeks "One Hundred million for placing my life in danger on a daily basis" and states that the police have caused her "emotional, physical, mental harm and distress due to their poor de[cisions] that involved themselves to

---

[1] *See, e.g., Igartua v. Dep't of Homeless Servs.*, 16-cv-2645 (ENV); *Igartua v. The Police Dep't*, 16-cv-2644 (ENV); *Igartua v. Hawkins*, 15-cv-3807 (ENV); *Igartua v. Dep't of Homeless Servs.*, 15-cv-3806 (ENV); *Igartua v. Hawkins*, 10-cv-4460 (ENV); *Igartua v. Dep't of Homeless Servs.*, 10-cv-940 (ENV). They have all been dismissed.



protec[t] mental[ly] ill drug addict[s] and underground pros[titution]. Compl. at 5.[2]

Legal Standard

*Pro se* pleadings are held to less stringent standards than those drafted by attorneys, and a district court is required to read *pro se* complaints liberally and interpret them as raising the strongest arguments they suggest. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Moreover, at the pleadings stage of a litigation, the district court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Nonetheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Providing emphasis and separate authority, under 28 U.S.C. § 1915(e)(2)(B), a district court is obligated to dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In any event, regardless of the pleading status of the

---

[2] All citations to pages of the complaints refer to the Electronic Case Filing System ("ECF") pagination.

plaintiff, if the Court lacks jurisdiction to hear the plaintiff's claim, it must be dismissed without prejudice. *Leviton Mfg. Co. v. Reeve*, 942 F. Supp. 2d 244, 273 (E.D.N.Y. 2013).

## Discussion

Applying these standards, although Igartua is proceeding *pro se*, and her complaint is held to less stringent standards than pleadings drafted by lawyers, she must still establish that the court in which she has chosen to file has subject matter jurisdiction over her action. *See Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–43 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the trial court on its own. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." (citation omitted)). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009).

Federal subject matter jurisdiction exists only where the action presents a federal question, as provided in 28 U.S.C. § 1331, or where there is diversity jurisdiction, as authorized by 28 U.S.C. § 1332. Here, plaintiff cannot invoke diversity jurisdiction because all parties are

3

alleged to be citizens of the State of New York. Igartua's complaint also fails to present a federal question. Her allegations, given their most liberal construction, again appear to consist of her dissatisfaction with the NYPD's investigation into reported sexual assaults and simply do not rise to the level of any federal or constitutional violation of her rights.[3] To the extent that her complaint may state a claim under state law, in the absence of diversity, such a claim must be brought in a state court of appropriate jurisdiction.

## Filing Injunction

This is the seventh action filed by Igartua relating to, it appears, the same conduct. Each of those lawsuits has been dismissed. Plaintiff has been warned in previous orders that "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*,

---

[3] Plaintiff's claims against the NYPD also fail because the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter § 396. Therefore, neither DHS nor NYPD is a suable entity. *See Jenkins v. N.Y.C. Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 510, 520–21 (S.D.N.Y. 2009), *aff'd*, 391 F. App'x 81 (2d Cir. 2010). Leave to substitute the correct party would have, of course, been freely given if that were the only deficiency in the complaints. **Error! Main Document Only.**Plaintiff's claim against Detective Johnson, who plaintiff claims refused to investigate her assertions, also fails because police officers have discretion to conduct investigations and initiate arrests, and are charged with acting for the benefit of the public, not private citizens. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760, 765 (2005) (noting the "well established tradition of police discretion" and that "serving of public rather than private ends is the normal course of the criminal law."). Thus, "police officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens." *Morris v. City of N.Y.*, No. 14-CV-1749-JG-LB, 2015 WL 1914906, at *5 (E.D.N.Y. Apr. 27, 2015), (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)).

406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted). Plaintiff was specifically warned that further duplicative lawsuits may result in a filing injunction that will prevent her from filing new lawsuits in this court without prior leave of the Court. Unfortunately, plaintiff has failed to heed the Court's warnings. Thus, plaintiff is ORDERED TO SHOW CAUSE, by written submission filed with the Clerk of Court within 14 days of the entry of this order, why she should not be enjoined from filing any further *in forma pauperis* actions in this Court without leave to file having been first granted.

## Conclusion

For the reasons discussed above, the complaint is dismissed without prejudice, pursuant to Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B), and, if plaintiff believes she has a good-faith state claim, may be refiled in a state court of appropriate jurisdiction. Further, plaintiff is ORDERED TO SHOW CAUSE within 14 days of the entry of this order why she should not be enjoined from filing any further *in forma pauperis* actions in this Court without leave to file.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).[4]

---

[4] The Court also reminds plaintiff that any criminal complaints should be filed directly with the appropriate law enforcement authorities, and that, if she is in immediate danger, she should phone 911. If she believes she may be a victim of sexual assault or domestic violence, she is again encouraged to contact the New York City Domestic Violence Hotline toll-free at 800-621-HOPE (4673), or Safe Horizon's Rape & Sexual Assault Hotline at 212-227-3000.

So Ordered.

Dated: Brooklyn, New York
       October 31, 2019

/s/ USDJ ERIC N. VITALIANO
_____
ERIC N. VITALIANO
United States District Judge